**VAUGHAN NOVELTY MFG. CO. v.
G. G. GREENE MFG. CORP.**

Civ. No. 7798.

United States District Court
W. D. Pennsylvania.

June 18, 1952.

596

Brown, Critchlow, Flick & Peckham, Pittsburgh, Pa., Warren C. Horton, Hinkle, Horton, Ahlberg, Hansmann, & Wupper, Chicago, Ill., for plaintiff.

Stuart Nye Hutchison, Jr., John U. Anderson, Jr., Kirkpatrick, Pomeroy, Lockhart & Johnson, Pittsburgh, Pa., for defendant.

STEWART, District Judge.

This action was instituted by plaintiff in April, 1949, to recover damages from defendant for alleged patent infringement and to enjoin defendant from continuing certain alleged acts of unfair competition and infringement. The proceedings culminated in the entry of a Consent Judgment by this Court on April 28, 1950. Subsequently, plaintiff filed a petition for a temporary and permanent injunction alleging that defendant had violated certain provisions in the Consent Judgment. A final hearing was held thereon, and, upon all the evidence, we make the following

## Findings of Fact

1. Plaintiff is the manufacturer of a can opener which it calls the "Safety Roll Jr.".

2. This opener was formerly made under United States Patent No. 1,617,148 which had expired prior to April 28, 1950, the date of the entry of the Consent Judgment in this case.

3. Defendant is the manufacturer of a can opener substantially identical in design and dimensions to the "Safety Roll Jr." with the exception that the handle has hook-shaped openings at each end such as used in bottle openers whereas the "Safety Roll Jr." has closed ends with a circular hole near each end of the handle.

4. Since April 28, 1950, defendant has manufactured, offered for sale and sold these can openers.

5. The opener manufactured by the defendant has stamped on the handle the following: "G. G. Greene, Warren, Pa." The other parts of the opener are unmarked.

6. The "Safety Roll Jr." has the following direction stamped on the handle "If Blade Sticks Wash in Hot Water", and the trademark of the "Safety Roll Jr." is stamped on the holder portion of the can opener.

7. All parts of the "Safety Roll Jr." are functional in nature.

8. Neither the "Safety Roll Jr." nor any part thereof has acquired generally a special significance identifying it as plaintiff's product. Rather, the evidence submitted in this regard would, at the most, establish only that there was a public demand for a can opener of the general appearance and structure of the "Safety Roll Jr.".

9. The terms employed in the Consent Judgment entered April 28, 1950 were intended to be given a meaning consonant with that given them in prior cases on the questions of patent infringement and unfair competition.

## Conclusions of Law

1. This Court has jurisdiction of this matter under Sections 1332 and 1338 of Title 28 of the United States Code.

2. The sole issue before this Court for determination at this time is whether the defendant has violated either paragraph 8 or 9 of the Consent Judgment entered April 28, 1950. These paragraphs provide that:

"8. Defendant shall not manufacture, offer for sale, or sell products copying or imitating such of the non-functional features of products manufactured by plaintiff as have acquired generally a special significance identifying plaintiff's products, where the copy or imitation is likely to cause prospective purchasers to regard defendant's products as those of plaintiff.

"9. Defendant has the right to manufacture, offer for sale, and sell products which copy and imitate the functional features of products manufactured by plaintiff, provided that such functional features are not protected by currently effective Letters Patent, and provided further that, where the copies or imitated functional features of plaintiff's products have acquired generally a special significance identifying plaintiff's products, and the copying or imitating of such functional features by defendant is likely to cause prospective purchasers to regard defendant's products as plaintiff's products, defendant must take reasonable steps to prevent confusion."

3. Section 742 of the Restatement of Torts provides that a feature of goods is functional "if it affects their purpose, action or performance, or the facility or economy of processing, handling or using them" and that it is non-functional "if it does not have any of such effects". This definition has been adopted by the courts. James Heddon's Sons v. Millsite Steel & Wire Works, 6 Cir., 1942, 128 F.2d 6; J. C. Penney Co. v. H. D. Lee Mercantile Co., 8 Cir., 1941, 120 F.2d 949.

■ 4. Applying this test to the products involved in this case, we determined, as a fact, and we now conclude, as a matter of law, that all parts of the "Safety Roll Jr." are functional.

5. Therefore, we are concerned only with paragraph 9 of the Consent Judgment which relates to functional features.

6. Paragraph 9 limits its scope to functional features having acquired generally a special significance identifying them as plaintiff's products.

7. The term special significance as used in the Consent Judgment is equivalent to the term secondary meaning as used in several cases dealing with questions of unfair competition. See Restatement of Torts, § 741, Comment on Clause (b); Gum v. Gumakers of America, 3 Cir., 1943, 136 F.2d 957; Crescent Tool Co. v. Kilborn & Bishop Co., 2 Cir., 1917, 247 F. 299.

■ 8. Either of these terms requires a showing that the imitated feature is regarded by prospective purchasers as identifying the source of the product and that the public cares who makes them. The critical question of fact at the outset is whether the public is moved in any degree to buy the article because of its source, as contrasted to its appearance and structure. Gum v. Gumakers of America, supra; Crescent Tool Co. v. Kilborn & Bishop Co., supra.

■ 9. Plaintiff has not established that the public purchases the "Safety Roll Jr." because of its source. Plaintiff's evidence at the most shows that there was a considerable public demand for a can opener of this type.

■ 10. Plaintiff has failed to establish that the "Safety Roll Jr." or any parts thereof has a special significance identifying it as plaintiff's product.

■ 11. For this reason, defendant has not violated either paragraph 8 or 9 of the Consent Judgment.

■ 12. Even if we were convinced that the "Safety Roll Jr." has acquired a special significance, the plaintiff is not entitled to the relief it seeks since it seems to us that the steps taken by the defendant in an effort to distinguish its can-opener from the "Safety Roll Jr." are reasonable and sufficient.

13. For this further reason, we conclude that the defendant has not violated paragraph 9 of the Consent Judgment.

14. Accordingly, an order will be entered denying plaintiff's petition.